UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LOUIS RANDOLPH a.k.a. CLYDE LEWIS,<br><br>               Plaintiff,<br>    v.<br>NEVADA DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>               Defendants. | Case No. 3:17-cv-00085-MMD-CLB<br><br>ORDER |

**I.     SUMMARY**

Plaintiff, who is in the custody of the Nevada Department of Corrections ("NDOC"), initiate this action under 42 U.S.C. § 1983. (ECF No. 1-1.) Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Carla L. Baldwin (ECF No. 75), recommending that the Court grant Defendants' motion for summary judgment (the "Motion") (ECF No. 69). Plaintiff objected (the "Objection") (ECF No. 82).[1] For the reasons discussed herein, the Court will overrule in part and sustain in part the Objection.[2]

**II.    BACKGROUND**

The Court incorporates and adopts the facts outlined in the R&R (ECF No. 75 at 1-6) and does not recite them here.

///

///

///

---

[1]Although Plaintiff has filed a lengthy 29-page Objection, the Court will address Plaintiff's arguments beyond the Objection's 24-page limit (LR 7-3).

[2]The Court has also reviewed Defendants' response (ECF No. 83).

### III. LEGAL STANDARDS

#### A. Review of the Magistrate Judge's Recommendations

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations."); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation").

#### B. Summary Judgment Standard

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288–89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences

///

in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Where the moving party does not have the ultimate burden of persuasion at trial the party can meet its burden of production by either producing evidence that negates an essential element of the nonmoving party's case or by "showing" that the nonmoving party does not have enough evidence to meet an essential element of its claim or defense to carry its ultimate burden of persuasion at trial. *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099 (9th Cir. 2000). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

Courts must consider a *pro se* party's contentions offered in his pleadings as evidence in his opposition to a motion for summary judgment "where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where [he] attested under penalty of perjury that the contents of the motions or pleadings are true and correct." *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

**IV.   DISCUSSION**

In light of Plaintiff's Objection, the Court conducts a *de novo* review to determine whether to adopt Judge Baldwin's R&R.

///

### A.   Count I

Judge Baldwin recommends dismissing Count I as barred under the two-year statute of limitations because the allegations concern events that occurred between August 20, 2013 through July 8, 2015. (ECF No. 75 at 9-11; *see also* ECF No. 69 at 5 (arguing that "Count I [claims] are barred by the statute of limitations because he did not file this action on or before August 20, 2015").) *See Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989); NRS § 11.190(4)(e).[3] Plaintiff argues that he filed an informal grievance on August 10, 2015 and did not receive a response until August 10, 2017, tolling the statute of limitations throughout that time.[4] (ECF No. 82 at 16-17.) *See Brown v. Valoff*, 422 F.3d 926, 942-43 (9th Cir. 2005) ("the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process.") ; *Wisenbaker v. Farwell*, 341 F. Supp. 2d 1160, 1165 (D. Nev. 2004).  The Court agrees and will sustain the Objection. The Court thus rejects the R&R's recommendation to dismiss Count I.

### B.   Count II

As to Plaintiff's Count II claims for religious exercise under First Amendment and RLUIPA, Judge Baldwin found respectively that: (1) Defendants had a compelling government interest in restricting Plaintiff from attending the Muslim services and Eid Feast due to security concerns and limited resources; and (2) Defendants' denial of a double-portion meal to Plaintiff in a single incident does not amount to a substantial burden on Plaintiff's rights. (ECF No. 75 at 19-22 (citing to *Turner v. Safley*, 482 U.S. 78, 89 (1987)

---

[3]Count I also includes a claim for violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), which the Motion does not address. (*See* ECF No. 69 at 4-5.)

[4]There are a total of six days in between the time Plaintiff received a response to his grievances and when he appealed them—on October 28, 2015, Defendants denied Plaintiff's informal level grievance; on October 31, 2015, Plaintiff filed his first level grievance, which Defendants denied on January 22, 2016; on January 25, 2016, Plaintiff filed his second level grievance, but Defendants did not respond until after Plaintiff already filed this action. (*See* ECF No. 82 at 17; ECF No. 74 at 39-40.) Those six days combined with the time between August 20, 2013, and August 10, 2015, are within the two-year statute of limitations.

(First Amendment religious exercise) and *Walker v. Beard*, 789 F.3d 1125, 1134 (9th Cir. 2015) (RLUIPA).)

Plaintiff objects that Muslim inmates in the general population attended Muslim services and had double-portion meals. (ECF No. 82 at 21, 23.) But Judge Baldwin already—and correctly—rejected that argument. (ECF No. 75 at 21 (citing to *Allen v. Toombs*, 827 F.2d 563, 567 (9th Cir. 1987) (holding that, where there are security concerns, a prison may withhold certain religious exercises from inmates in a disciplinary segregation unit, even though such exercises are permitted for the general population).) Plaintiff also argues that Defendants' security concerns are disingenuous and that not all of Plaintiff's Unit 8 is a disciplinary segregated unit. (ECF No. 82 at 20-21.) However, in analyzing the legitimacy of regulation of a prisoners' religious expression, the Supreme Court has instructed courts to afford appropriate deference to prison officials, "who are actually charged with and trained in the running of the particular institution under examination." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987) (citation and internal quotes omitted). Such deference dictates that the Court overrule Plaintiff's Objection.

**C.   Count III**

Judge Baldwin recommends dismissing Plaintiff's First Amendment, RLUIPA, and equal protections claims in Count III concerning Defendants' decision to place Plaintiff on the Common Fare Menu ("CFM"), rather than on a Jewish kosher or halal diet. (ECF No. 75 at 11.)

As to Plaintiff's First Amendment claim, Judge Baldwin found that Defendants' policy was reasonably related to legitimate penological interests because: (1) the policy related to administrative and budgetary concerns (ECF No. 69-5 at 2-3 (Administrative Regulation ("AR") 814.02(2))); (2) Plaintiff can still practice significant aspects of his religion such as conduct Qur'an readings, possess a prayer rug, and pray five times daily within his cell; and (3) Plaintiff is already receiving a kosher diet through the CFM, which is therefore a reasonable alternative to Halal meals. (ECF No. 75 at 11-14 (citing to *Turner*, 482 U.S. at 89-91).) Plaintiff insists that Judge Baldwin improperly concluded the CFM is

a kosher diet when in fact it is not, and the evidence does not support such a conclusion. (ECF No. 82 at 25-26.) Even accepting Plaintiff's arguments, the first two factors still support a finding that Defendants' policy was reasonably related to legitimate penological interests. As such, the Court overrules Plaintiff's Objection.

As to Plaintiff's RLUIPA claim, Judge Baldwin found there is no evidence that placing Plaintiff on a CFM diet places a substantial burden on his religious exercise because: (1) the CFM diet appears to be kosher compliant; and (2) Plaintiff has not shown how CFM violates Halal restrictions. (ECF No. 75 at 16.) Plaintiff disagrees with Judge Baldwin's first finding. (ECF No. 82 at 25-26.) Moreover, in Plaintiff's response to the Motion, he asserted under penalty of perjury that the CFM violates his sincerely held religious beliefs because the meat is not handled by an Islamic representative. (ECF No. 74 at 14.) However, Plaintiff does not dispute Defendants' assertion that "Plaintiff was placed on a Kosher CFM diet to maintain good order, security and discipline *consistent with the consideration of costs and limited resources*." (ECF No. 69 at 9 (emphasis added) (quoting *Cutter v. Wilkinson*, 544 U.S. 709, 723, (2005)); *see also* ECF No. 69-5 at 2-3 (AR 814.02(2)).) More importantly, Plaintiff does not disagree that these considerations constitute a compelling government interest. (ECF No. 69 at 9 (citing to *Cutter*, 544 U.S. at 723); *see also* ECF No. 82 at 25-26; ECF No. 74 at 11-14.) 42 U.S.C. § 2000cc-1(a)(1)-(2) ("No government shall impose a substantial burden on the religious exercise of a person . . . unless the government demonstrates that . . . [it] is in furtherance of a compelling governmental interest"). As such, the Court will overrule Plaintiff's Objection and grant summary judgment in favor of Defendants on his RLUIPA claim.

Finally, Judge Baldwin recommends dismissal of the equal protection claim in Count III because there is no evidence of discriminatory intent, and complaints concerning differential treatment between Muslim and Jewish inmates are insufficient. (*Id.* at 17-18 (citing to *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013) and *Thornton v. City of St. Helens,* 425 F.3d 1158, 1167 (9th Cir. 2005)).

///

Plaintiff objects that Judge Baldwin improperly applied a rational basis test, under *Turner*, 482 U.S. 78, to his Free Exercise and equal protection claims, whereas strict scrutiny should have applied instead. (ECF No. 82 at 27.) Plaintiff cites to *Johnson v. California*, 543 U.S. 499, 500 (2005) where the Supreme Court rejected the application of *Turner* to equal protection claims regarding race-based classification in prison. (ECF No. 82 at 27.) However, Judge Baldwin never applied *Turner* to Plaintiff's equal protection claim. (*See* ECF No. 75 at 17-18.) Furthermore, the Ninth Circuit has applied *Turner* to a Free Exercise claim concerning denial of a Muslim inmate's request for Kosher diet. (ECF No. 75 at 13 (citing to *Shakur v. Schriro*, 514 F.3d 878, 891-92 (9th Cir. 2008)).) As such, the Court overrules Plaintiff's Objection.

**V.    CONCLUSION**

It is therefore ordered that Plaintiff's Objection (ECF No. 82) is sustained in part and overruled in part.

It is further ordered that the Report and Recommendation of Magistrate Judge Carla L. Baldwin (ECF No. 75) is accepted in part. Defendant's motion for summary judgment (ECF No. 69) is granted as to Count II and III, but denied as to Count I.

DATED THIS 2nd day of September 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE